2013R001330/JLH

RECEIVED

SEP 2 5 2019

AT 8:30_____M
WILLIAM T. WALSH
CLERK

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | Hon. Michael A. Shipp |
| | : | |
| v. | : | Crim. No. ~~18-462~~ 19-680 (MAS) |
| | : | |
| JOEL GRIMSHAW | : | 18 U.S.C. § 371 |

## I N F O R M A T I O N

The defendant having waived in open court prosecution by indictment,

the United States Attorney for the District of New Jersey charges:

1.     From in or around 2010 through in or around September 2015, in

the District of New Jersey and elsewhere, defendant,

**JOEL GRIMSHAW,**

did knowingly and intentionally conspire and agree with Samuel Khaimov and

others to commit certain offenses against the United States, that is, to

knowingly and willfully pay remuneration, directly and indirectly, overtly and

covertly, in cash and in kind, that is, kickbacks and bribes, in exchange for the

furnishing and arranging for the furnishing of items and services, namely, the

referral of prescriptions for patients to the Prime Aid Pharmacies, located in

Union City, New Jersey and Bronx, New York, for which payment was made in

whole or in part under a Federal health care program, namely Medicare and

Medicaid, contrary to Title 42, United States Code, Section 1320a-7b(b)(2)(A).

### Object of the Conspiracy

2.     The object of the conspiracy was for defendant JOEL GRIMSHAW

("GRIMSHAW"), Samuel "Sam" Khaimov ("Khaimov"), and others to fraudulently

obtain revenue for the Prime Aid Pharmacies by paying kickbacks and bribes to

one or more doctors, members of doctors' offices, and others in exchange for sending or referring prescriptions for patients to the Prime Aid Pharmacies.

## Manner and Means of the Conspiracy

3.   It was part of the conspiracy that, at Khaimov's direction, GRIMSHAW made payments to doctors, including cash payments, in order to induce the doctors to send prescriptions to the Prime Aid Pharmacies.

4.   It was further part of the conspiracy that GRIMSHAW caused others to make payments to doctors, including cash payments, in order to induce the doctors to send prescriptions to the Prime Aid Pharmacies.

5.   It was further part of the conspiracy that GRIMSHAW, at Khaimov's direction, arranged for Prime Aid Union City to pay for an employee to work in a doctor's office to induce that doctor's office to send prescriptions to Prime Aid Union City.

## Overt Acts

6.   In furtherance of the conspiracy, and in order to effect the object thereof, GRIMSHAW committed, and caused to be committed, the following acts in the District of New Jersey and elsewhere:

a.   In or around 2011, in agreement with Khaimov, GRIMSHAW paid a cash bribe to a New Jersey oncologist.

b.   In or around 2011, in agreement with Khaimov, GRIMSHAW delivered a cash bribe to the home of a gastroenterologist in Franklin Lakes, New Jersey.

      c.   In or around 2015, GRIMSHAW caused Prime Aid Union City to pay to have one of its employees work for free in a doctor's office in Camden, New Jersey, which arrangement was intended to steer prescriptions to Prime Aid from such doctor's office.

All in violation of Title 18, United States Code, Section § 371.

## FORFEITURE ALLEGATION

1.      Upon conviction of the Federal health care offense (as defined in 18 U.S.C. § 24) alleged in Count One of this Information, the defendant shall forfeit to the United States, pursuant to 18 U.S.C. § 982(a)(7), all property, real or personal, that constitutes or is derived, directly and indirectly, from gross proceeds traceable to the commission of the offense (as defined in 18 U.S.C. § 24) alleged in Count One.

## SUBSTITUTE ASSETS PROVISION

2.      If any of the above-described forfeitable property, as a result of any act or omission of the defendant:

> a. cannot be located upon the exercise of due diligence;
>
> b. has been transferred or sold to, or deposited with a third party;
>
> c. has been placed beyond the jurisdiction of the court;
>
> d. has been substantially diminished in value; or
>
> e. has been commingled with other property which cannot be divided without difficulty;

the United States shall be entitled, pursuant to 21 U.S.C. § 853(p) (as incorporated by 28 U.S.C. § 2461(c) and 18 U.S.C. § 982(b)), to forfeiture of any other property of the defendant up to the value of the above-described forfeitable property.

CRAIG CARPENITO
United States Attorney

4

CASE NUMBER: _19-680 (MAS)_

# United States District Court
## District of New Jersey

## UNITED STATES OF AMERICA

v.

## JOEL GRIMSHAW

# INFORMATION FOR

## 18 U.S.C. § 371

CRAIG CARPENITO
UNITED STATES ATTORNEY
FOR THE DISTRICT OF NEW JERSEY

JOSHUA L. HABER
ASSISTANT U.S. ATTORNEY
NEWARK, NEW JERSEY
973-645-3978