

**U.S. Department of Justice**
*United States Attorney*
*District of New Jersey*

---

*Joshua L. Haber*
*Assistant United States Attorney*

*970 Broad Street, Suite 700*
*Newark, New Jersey 07102*

*Direct Dial: (973)645-3978*

**R E C E I V E D**

SEP 2 5 2019

AT 8:30_____M
WILLIAM T. WALSH
CLERK

May 21, 2019

Frank P. Arleo, Esq.
Arleo & Donahue LLC
622 Eagle Rock Avenue
West Orange, New Jersey 07052

Re:   Plea Agreement with Joel Grimshaw
Criminal No. 19-680 (MAS)

Dear Mr. Arleo:

This letter sets forth the plea agreement between your client
Joel Grimshaw and the United States Attorney for the District of New
Jersey ("this Office"). The government's offer to enter into this plea
agreement will expire if the defendant's guilty plea is not entered in Court
on or before **June 11, 2019**.

Charges

Conditioned on the understandings specified below, this
Office will accept a guilty plea from Joel Grimshaw to a one-count
information charging him with conspiring to pay illegal remunerations
contrary to the federal health care program anti-kickback statute, 42
U.S.C. § 1320a-7b(b)(2), in violation of 18 U.S.C. § 371. If Joel
Grimshaw enters a guilty plea and is sentenced on this charge, and
otherwise fully complies with all of the terms of this agreement, this
Office will not initiate any further criminal charges against Joel
Grimshaw for, from in or around 2010 through in or around September
2015, through his affiliation with Prime Aid Pharmacy and all associated
entities, conspiring to pay healthcare professionals for prescription
referrals.

Nevertheless, in the event that a guilty plea in this matter is
not entered for any reason or the judgment of conviction entered as a
result of this guilty plea does not remain in full force and effect, Joel
Grimshaw agrees that any other charges that are not time-barred by the

1

applicable statute of limitations on the date this agreement is signed by Joel Grimshaw may be commenced against him, notwithstanding the expiration of the limitations period after Joel Grimshaw signs the agreement.

Sentencing

The violation of 18 U.S.C. § 371 charged in Count One of the information to which Joel Grimshaw agrees to plead guilty carries a statutory maximum prison sentence of five years. The statutory maximum fine for this offense is the greatest of: (1) $250,000; (2) twice the gross amount of any pecuniary gain that any persons derived from the offense; or (3) twice the gross amount of any pecuniary loss sustained by any victims of the offense. Fines imposed by the sentencing judge may be subject to the payment of interest.

The sentence to be imposed upon Joel Grimshaw is within the sole discretion of the sentencing judge, subject to the provisions of the Sentencing Reform Act, 18 U.S.C. §§ 3551-3742, and the sentencing judge's consideration of the United States Sentencing Guidelines. The United States Sentencing Guidelines are advisory, not mandatory. The sentencing judge may impose any reasonable sentence up to and including the statutory maximum term of imprisonment and the maximum statutory fine. This Office cannot and does not make any representation or promise as to what Guidelines range may be found by the sentencing judge, or as to what sentence Joel Grimshaw ultimately will receive.

Further, in addition to imposing any other penalty on Joel Grimshaw , the sentencing judge (1) will order Joel Grimshaw to pay an assessment of $100 pursuant to 18 U.S.C. § 3013, which assessment must be paid by the date of sentencing; (2) may order Joel Grimshaw to pay restitution pursuant to 18 U.S.C. § 3563(b)(2) or § 3583(d); (3) may order Joel Grimshaw, pursuant to 18 U.S.C. § 3555, to give notice to any victims of his offense; (4) must order forfeiture, pursuant to 18 U.S.C. § 982(a)(7); and (5) pursuant to 18 U.S.C. § 3583, may require Joel Grimshaw to serve a term of supervised release of not more than three years, which will begin at the expiration of any term of imprisonment imposed. Should Joel Grimshaw  be placed on a term of supervised release and subsequently violate any of the conditions of supervised release before the expiration of its term, Joel Grimshaw  may be sentenced to not more than two years' imprisonment in addition to any prison term previously imposed, regardless of the statutory maximum term of imprisonment set forth above and without credit for time previously served on post-release supervision, and may be sentenced to an additional term of supervised release.

2

<u>Restitution Agreement</u>

   In addition, Joel Grimshaw agrees to make full restitution for all losses resulting from the offense of conviction or from the scheme, conspiracy, or pattern of criminal activity underlying that offense in an amount greater than $250,000 and less than $550,000.

<u>Rights of This Office Regarding Sentencing</u>

   Except as otherwise provided in this agreement, this Office reserves its right to take any position with respect to the appropriate sentence to be imposed on Joel Grimshaw by the sentencing judge, to correct any misstatements relating to the sentencing proceedings, and to provide the sentencing judge and the United States Probation Office all law and information relevant to sentencing, favorable or otherwise.  In addition, this Office may inform the sentencing judge and the United States Probation Office of (1) this agreement, and (2) the full nature and extent of activities and relevant conduct with respect to this case.

<u>Stipulations</u>

   This Office and Joel Grimshaw agree to stipulate at sentencing to the statements set forth in the attached Schedule A, which hereby is made a part of this plea agreement.  This agreement to stipulate, however, cannot and does not bind the sentencing judge, who may make independent factual findings and may reject any or all of the stipulations entered into by the parties.  To the extent that the parties do not stipulate to a particular fact or legal conclusion, each reserves the right to argue the existence of and the effect of any such fact or conclusion upon the sentence.  Moreover, this agreement to stipulate on the part of this Office is based on the information and evidence that this Office possesses as of the date of this agreement.  Thus, if this Office obtains or receives additional evidence or information prior to sentencing that it determines to be credible and to be materially in conflict with any stipulation in the attached Schedule A, this Office shall not be bound by any such stipulation.  A determination that any stipulation is not binding shall not release either this Office or Joel Grimshaw from any other portion of this agreement, including any other stipulation.  If the sentencing court rejects a stipulation, both parties reserve the right to argue on appeal or at post-sentencing proceedings that the sentencing court was within its discretion and authority to do so.  These stipulations do not restrict this Office's right to respond to questions from the Court and to correct misinformation that has been provided to the Court.

3

Waiver of Appeal and Post-Sentencing Rights

As set forth in Schedule A, this Office and Joel Grimshaw waive certain rights to file an appeal, collateral attack, writ, or motion after sentencing, including but not limited to an appeal under 18 U.S.C. § 3742 or a motion under 28 U.S.C. § 2255.

Forfeiture

As part of his acceptance of responsibility and pursuant to 18 U.S.C. § 982(a)(7), Joel Grimshaw agrees to the entry of a forfeiture money judgment of more than $250,000 but less than $550,000, representing all property, real and personal, that constitutes or is derived, directly and indirectly, from gross proceeds traceable to the conspiracy, which is contrary to 42 U.S.C. § 1320a-7b(b)(2), in violation of 18 U.S.C. § 371, which is a Federal health care offense, as defined in 18 U.S.C. § 24 (the "Forfeiture Money Judgment").

Payment of the Forfeiture Money Judgment shall be made by certified or bank check payable to the United States Marshals Service, with the criminal docket number noted on the face of the check. Joel Grimshaw shall cause said check to be hand-delivered to the Asset Forfeiture and Money Laundering Unit, United States Attorney's Office, District of New Jersey, 970 Broad Street, Newark, New Jersey 07102.

If the Forfeiture Money Judgment is not paid on or before the date Joel Grimshaw enters his plea of guilty pursuant to this agreement, interest shall accrue on any unpaid portion thereof at the judgment rate of interest from that date. Furthermore, if Joel Grimshaw fails to pay any portion of the Forfeiture Money Judgment on or before the date of his guilty plea, Joel Grimshaw consents to the forfeiture of any other property, including substitute assets, in full or partial satisfaction of the money judgment, and remains responsible for the payment of any deficiency until the Forfeiture Money Judgment is paid in full.

Joel Grimshaw also agrees to consent to the entry of a Consent Judgment and Order of Forfeiture for the Forfeiture Money Judgment, and any further orders that may be necessary to enforce the Forfeiture Money Judgment, and waives the requirements of Rules 32.2 and 43(a) of the Federal Rules of Criminal Procedure regarding notice of the forfeiture in the charging instrument, announcement of the forfeiture at sentencing, and incorporation of the forfeiture in the judgment. Pursuant to Rule 32.2(b)(4) of the Federal Rules of Criminal Procedure, the defendant consents to the entry of a Consent

4

Judgment of Forfeiture that will be final as to the Forfeiture Money Judgment prior to the defendant's sentencing. Joel Grimshaw understands that the imposition of the Forfeiture Money Judgment is part of the sentence that may be imposed in this case and waives any failure by the court to advise him of this pursuant to Rule 11(b)(1)(J) of the Federal Rules of Criminal Procedure at the guilty plea proceeding.

It is further understood that any forfeiture of Joel Grimshaw's assets shall not be treated as satisfaction of any fine, restitution, cost of imprisonment, or any other penalty the Court may impose upon him in addition to forfeiture. Joel Grimshaw hereby waives any and all claims that the forfeiture constitutes an excessive fine and agrees that the forfeiture does not violate the Eighth Amendment.

It is further understood that the Office will recommend to the Attorney General that any forfeited money or property be remitted or restored to eligible victims of the offense, pursuant to 18 U.S.C. § 982(b)(1), 21 U.S.C. § 853(i), 28 C.F.R. Pt. 9, and other applicable law, it being understood that this Office has authority only to recommend such relief and that the final decision of whether to grant relief rests with the Department of Justice, which will make its decision in accordance with applicable law.

Immigration Consequences

Joel Grimshaw understands that, if he is not a citizen of the United States, his guilty plea to the charged offense will likely result in his being subject to immigration proceedings and removed from the United States by making him deportable, excludable, or inadmissible, or ending his naturalization. The defendant understands that the immigration consequences of this plea will be imposed in a separate proceeding before the immigration authorities. The defendant wants and agrees to plead guilty to the charged offense regardless of any immigration consequences of this plea, even if this plea will cause his removal from the United States. The defendant understands that he is bound by his guilty plea regardless of any immigration consequences of the plea. Accordingly, the defendant waives any and all challenges to his guilty plea and to his sentence based on any immigration consequences, and agrees not to seek to withdraw his guilty plea, or to file a direct appeal or any kind of collateral attack challenging his guilty plea, conviction, or sentence, based on any immigration consequences of his guilty plea.

5

Other Provisions

This agreement is limited to the United States Attorney's Office for the District of New Jersey and cannot bind other federal, state, or local authorities. However, this Office will bring this agreement to the attention of other prosecuting offices, if requested to do so.

This agreement was reached without regard to any civil or administrative matters that may be pending or commenced in the future against Joel Grimshaw. This agreement does not prohibit the United States, any agency thereof (including the Internal Revenue Service and the U.S. Department of Health and Human Services), or any third party from initiating or prosecuting any civil or administrative proceeding against Joel Grimshaw.

No provision of this agreement shall preclude Joel Grimshaw from pursuing in an appropriate forum, when permitted by law, an appeal, collateral attack, writ, or motion claiming that Joel Grimshaw received constitutionally ineffective assistance of counsel.

<u>No Other Promises</u>

This agreement constitutes the plea agreement between Joel Grimshaw and this Office and supersedes any previous agreements between them. No additional promises, agreements, or conditions have been made or will be made unless set forth in writing and signed by the parties.

Very truly yours,

CRAIG CARPENITO
United States Attorney

By:   Joshua L. Haber
Assistant U.S. Attorney

APPROVED:

David M. Eskew
Chief, Health Care and Government Fraud Unit

I have received this letter from my attorney, Frank P. Arleo, Esq. I have read it. My attorney and I have discussed it and all of its provisions, including those addressing the charge, sentencing, stipulations, waiver, forfeiture, and immigration consequences. I understand this letter fully. I hereby accept its terms and conditions and acknowledge that it constitutes the plea agreement between the parties. I understand that no additional promises, agreements, or conditions have been made or will be made unless set forth in writing and signed by the parties. I want to plead guilty pursuant to this plea agreement.

AGREED AND ACCEPTED:


_____          Date:    09/25/19
Joel Grimshaw


I have discussed with my client this plea agreement and all of its provisions, including those addressing the charge, sentencing, stipulations, waiver, forfeiture, and immigration consequences. My client understands this plea agreement fully and wants to plead guilty pursuant to it.


_____          Date:    9/25/19
Frank P. Arleo, Esq.

8

Plea Agreement With Joel Grimshaw

Schedule A

This Office and Joel Grimshaw recognize that the United States Sentencing Guidelines are not binding upon the Court. This Office and Joel Grimshaw nevertheless agree to the stipulations set forth herein, and agree that the Court should sentence Joel Grimshaw within the Guidelines range that results from the total Guidelines offense level set forth below. This Office and Joel Grimshaw further agree that neither party will argue for the imposition of a sentence outside the Guidelines range that results from the agreed total Guidelines offense level.

     1.    The version of the United States Sentencing Guidelines effective November 1, 2018, applies in this case.

Count One — Conspiracy to Pay Kickbacks

     2.    The guideline that applies to the conspiracy to pay kickbacks, charged in Count One of the Information, contrary to Title 42 U.S.C. § 1320a-7b(b)(2)(A), in violation of Title 18, United States Code, Section 371, is U.S.S.G. § 2B4.1. The Base Offense Level is 8. U.S.S.G. § 2B4.1(a).

     3.    The value of the improper benefit to be conferred was more than $250,000 but less than $550,000, resulting in an increase of 12 levels. See U.S.S.G. §§ 2B4.1(b)(1)(B), 2B1.1(b)(1)(G).

     4.    Accordingly, the Guidelines offense level applicable to the conspiracy to pay kickbacks is 20.

     5.    As of the date of this letter, Joel Grimshaw has clearly demonstrated a recognition and affirmative acceptance of personal responsibility for the offense charged. Therefore, a downward adjustment of two levels for acceptance of responsibility is appropriate if Joel Grimshaw's acceptance of responsibility continues through the date of sentencing. See U.S.S.G. § 3E1.1(a).

     6.    As of the date of this letter, Joel Grimshaw has assisted authorities in the investigation or prosecution of his own misconduct by timely notifying authorities of his intention to enter a plea of guilty, thereby permitting this Office to avoid preparing for trial and permitting this Office and the court to allocate their resources efficiently. At sentencing, this Office will move for a further one-point reduction in Joel Grimshaw's offense level pursuant to § 3E1.1(b) if the following conditions are met: (a) Joel Grimshaw enters a plea pursuant to this agreement, (b) this Office in its discretion determines that Joel Grimshaw's acceptance of responsibility has continued through the date of sentencing and Joel Grimshaw therefore qualifies for a two-point reduction for

acceptance of responsibility pursuant to § 3E1.1(a), and (c) Joel Grimshaw's offense level under the Guidelines prior to the operation of § 3E1.1(a) is 16 or greater.

7.     In accordance with the above, the parties agree that the total Guidelines offense level applicable to Joel Grimshaw is 17 (the "agreed total Guidelines offense level").

8.     The parties agree not to seek or argue for any upward or downward departure, adjustment, or variance not set forth herein.  The parties further agree that a sentence within the Guidelines range that results from the agreed total Guidelines offense level is reasonable.

9.     Joel Grimshaw knows that he has and, except as noted below in this paragraph, voluntarily waives, the right to file any appeal, any collateral attack, or any other writ or motion, including but not limited to an appeal under 18 U.S.C. § 3742 or a motion under 28 U.S.C. § 2255, which challenges the sentence imposed by the sentencing court if that sentence falls within or below the Guidelines range that results from the agreed total Guidelines offense level of 17.  This Office will not file any appeal, motion or writ which challenges the sentence imposed by the sentencing court if that sentence falls within or above the Guidelines range that results from the agreed total Guidelines offense level of 17.  The parties reserve any right they may have under 18 U.S.C. § 3742 to appeal the sentencing court's determination of the criminal history category.  The provisions of this paragraph are binding on the parties even if the Court employs a Guidelines analysis different from that stipulated to herein.  Furthermore, if the sentencing court accepts a stipulation, both parties waive the right to file an appeal, collateral attack, writ, or motion claiming that the sentencing court erred in doing so.

10.    Both parties reserve the right to oppose or move to dismiss any appeal, collateral attack, writ, or motion barred by the preceding paragraph and to file or to oppose any appeal, collateral attack, writ or motion not barred by the preceding paragraph.